UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff ,

Case No. 26-cv-317-pp

v.

APPROXIMATELY 816955.838899 TETHER (USDT)
CRYTOCURRENCY FROM CRYTOCURRENCY
ADDRESS ENDING IN SLN6VW,

Defendant.

---

**ORDER GRANTING GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 13) AND DISMISSING CASE**

---

On February 25, 2026, the government filed a verified complaint for civil forfeiture *in rem* against approximately 816955.838899 Tether (USDT) cryptocurrency from a cryptocurrency address ending in SLN6VW. Dkt. No. 1. On June 24, 2026, the government asked the clerk to enter default, dkt. no. 12, and filed a motion for default judgment, dkt. no. 13. The clerk entered default the same day. The court will grant the government's motion.

## I. Entry of Default

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The government explains that on or about February 26, 2026, the United States Secret Service seized the defendant property under a Warrant of Arrest *In Rem* issued that day. Dkt. No. 13 at 2. According to the government, the defendant property originally was seized on or about September 30, 2025 from cryptocurrency address ending in SLN6VW in Road Town, Tortola, British Virgin Islands, under seizure warrant 25-MJ-184 issued by United States Magistrate Judge William E. Duffin in the Eastern District of Wisconsin. Id.

The government posted notice of the complaint on an official government forfeiture website for at least thirty consecutive days beginning on February 26, 2026, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Id. The government also filed a notice of the complaint for civil forfeiture of property and served it, along with a copy of the verified complaint, on five potential claimants: Gyeu Nomses, Yuan Bao, Xie Bing a/k/a Steven Pursley, Jack and Vickie Carpenter. Id. The government represents that these are the only known potential claimants. Id. On April 13, 2026, the government received automated delivery tracking notification receipts showing that the emails successfully had been delivered to Gyeu Nomses, Yuan Bao, Xie Bing a/k/a Steven Pursley, Jack and Vickie Carpenter. Id. The government states that it received no "bounce back" email showing that the email to "Jack" at jswlxxxxx@163.com was undelivered or undeliverable. Id. at 3. The thirty-five-day time limit for filing a claim expired on May 18, 2026. Id.

On June 5, 2026, the government filed a letter with the court, stating that no claims had been filed and the time limit to file a claim had expired. Dkt. No. 11. The government advised that if no valid claim was filed on or before June 18, 2026, it would file a motion for default judgment. Id. The government sent a copy of this letter to Gyeu Nomses, Yuan Bao, Xie Bing a/k/a Steven Pursley, Jack and Vickie Carpenter. Dkt. No. 14 at 4. Again, the government was able to confirm delivery. Id.

Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions states that the government must directly notify "any person who reasonably appears to be a potential claimant" of the forfeiture action. The government must send the notice "by means reasonably calculated to reach the potential claimant." Fed. R. Civ. P. G(4)(b)(iii)(A). Other courts have held that notifying potential claimants via email is appropriate where, as here, "the case involves international defendants whose locations are hard to pin down and the nature of the crimes necessarily entails some degree of cyber-proficiency on the part of the Defendant Properties' owners." United States v. Twenty-Four Cryptocurrency Accts., 473 F. Supp. 3d 1, 6 (D.D.C. 2020) (citing Fed. Trade Comm'n v. PCCare247, Inc., Case No. 12 Civ. 7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013); Philip Morris USA Inc. v. Veles Ltd., Case No. 06 Civ. 2988, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007)). Adequate notice "requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." Mesa Valderrama v. United States, 417

F.3d 1189, 1197 (11th Cir. 2005) (citing Dusenbery v. United States, 534 U.S. 161, 170 (2002)).

The government took reasonable steps to provide notice to the potential claimants. The clerk properly entered default because the potential claimants were notified of the action and did not file claims within the time allowed by the Federal Rules of Civil Procedure.

## II. Motion for Default Judgment (Dkt. No. 13)

After the entry of default, the plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. But "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)).

A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). But such proceedings are unnecessary if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement

Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The government has established that the defendant property, approximately 816,955.838899 Tether (USDT) cryptocurrency from cryptocurrency address ending in SLN6VW, constitutes or was derived from proceeds traceable to wire fraud committed in violation of 18 U.S.C. §1343 and money laundering transactions in violation of 18 U.S.C. §1956. Dkt. No. 1 at ¶¶31-69. The government explained that J.F., who resides in this district, was deceived by one or more individuals into wiring approximately $746,700 from his bank account to Coinbase, purchasing cryptocurrency and sending the cryptocurrency to the fraudsters via a fake investment platform, BitTrade at the domain www.btwsxe.top, with the promise of a high return on investments. Id. at ¶30. An individual who identified herself as Luna Anderson contacted J.F. and shared a screenshot of her cryptocurrency portfolio valued at $27,857,704.57. Id. at ¶¶31-33. After persuading J.F. to begin investing in cryptocurrency, she directed J.F. to conduct wire transfers from his account to purchase Bitcoin and transfer it to the BitTrade platform. Id. at ¶34.

J.F. followed the directions provided by Anderson, depositing a total of $746,700 to a Coinbase account via wire transfers from his US Bank checking account. Id. at ¶35. He made separate purchases of Bitcoin and transferred the Bitcoin to cryptocurrency addresses ending in 61ap and NPGQ. Id. at ¶38. By February 7, 2025, J.F. saw that his investment had grown to approximately $2.98 million and tried to withdraw the funds. Id. at ¶39. But he was told that

he would have to pay short-term capital gains taxes of 803,042.96 USDT before he could withdraw the funds. Id. at ¶¶39-340. On February 11, 2025, J.F. learned the BitTrade domain had changed from btwsxe.top to btrlapqidr.top, which later was determined to also be a fake investment domain. Id. at ¶42. The government traced a portion of the funds from one of the deposits to the cryptocurrency address ending in SLN6VW from which the defendant approximately 816,955.838899 Tether (USDT) cryptocurrency was seized. Id. at ¶43.

Upon further investigation, agents identified thirty-four complaints having a total loss amount of $818,208 associated with the BitTrade domain through which J.F. invested at the direction of Anderson. Id. at ¶58. As of April 20, 2025, the Federal Bureau of Investigation's Crime Complaint Center database (IC3.gov) showed an additional fifteen individuals who reported being the victim of an investment scam that followed the same pattern as the one here. Id. at ¶59.

Having established that the defendant property constitutes—or was derived from—proceeds traceable to wire fraud and money laundering, the court determines that the property is subject to forfeiture to the United States of America under 18 U.S.C. §981(a)(1)(C), with cross-references to 18 U.S.C. §§1956(c)(7) and 1961(1). Id. at ¶¶65-69.

## III. Conclusion

The court **GRANTS** the government's motion for default judgment. Dkt. No. 13.

The court **ORDERS** that the defendant property—approximately 816,955.838899 Tether (USDT) cryptocurrency from cryptocurrency address ending in SLN6VW—is **FORFEITED** to the United States of America and that no right, title, or interest in the defendant property shall exist in any other party.

The court **ORDERS** that the United States Secret Service for the Eastern District of Wisconsin or its duly authorized agent must seize the defendant property and must dispose of it according to law.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 6th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**